UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

NIKKI OKOZUBE,

Plaintiff,

v.

GRAND GENEVA, LLC, and MARCUS HOTELS, INC.,

Defendants.

Case No. 2026-CV-0233

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO REASSERT CLAIMS AGAINST THE MARCUS CORPORATION**

Defendants Grand Geneva, LLC and Marcus Hotels, Inc. (collectively, "Marcus") hereby oppose Plaintiff's Motion for Leave to File Second Amended Complaint to Reassert Claims Against The Marcus Corporation, 2d Mot. for Leave, ECF No. 34.

## ARGUMENT

When this Court dismissed The Marcus Corporation and afforded Plaintiff the opportunity to seek leave to amend, it stated: "[i]f the defendant believes such complaint suffers from the same defects as the original, it need not undertake extensive briefing in support of a motion to dismiss." Dismissal Ord., ECF No. 27 at 11. Plaintiff's proposed Second Amended Complaint suffers from the same defects and, consistent with the Court's instruction, we will keep this brief (or, at least as brief as is lawyerly possible). Should the Court be inclined to grant Plaintiff's motion, Marcus respectfully requests the opportunity to further brief the issues.

### I. Plaintiff fails to present any new facts that state a claim.

As the Court explained in its Dismissal Order, there are only two ways in which The Marcus Corporation would be a proper defendant: "(1) if it exercised sufficient control over

Okozube's employment; or (2) if it directed the discriminatory conduct against Okozube." *Id.* at 4. The Court found that Plaintiff had failed to satisfy either standard, but stated: "[i]f the plaintiff believes there are other facts suggesting the parent company is a proper defendant, she may move to amend the complaint . . ." *Id*. Plaintiff does not allege any such facts.

Instead, Plaintiff submits the privilege log Marcus produced in discovery. Even then, Plaintiff does not allege that the log establishes The Marcus Corporation's liability. *See, e.g.,* 2d. Mot. for Leave at 4. Rather, Plaintiff argues that "the log establishes that personnel of The Marcus Corporation were engaged in communications with Marcus Hotels management while Plaintiff's accommodation requests remained unresolved and employment decisions affecting Plaintiff were ongoing." *Id*. at 5. Even *then*, Plaintiff does not allege that the contemporaneous communications provide a basis to conclude The Marcus Corporation was Plaintiff's employer. *See, e.g.*, *id.* at 11, 12 ("The newly produced privilege log does not directly establish that The Marcus Corporation set Plaintiff's schedule, supervised her daily work, determined her compensation, or possessed authority to hire or terminate her."). At most, Plaintiff contends that the logged communications "raise a material question regarding whether The Marcus Corporation's involvement was limited to legal consultation or extended to participation in directing the challenged employment actions." *Id.* at 4.

This, alone, warrants denial of Plaintiff's motion. To state a claim against a defendant, a complaint "must allege 'enough *facts* to state a claim that is plausible on its face.'" Dismissal Ord. at 4 (citing *Milchtein v. Milwaukee Cnty*., 42 F.4th 814, 821 (7th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))) (emphasis added). For this reason, the opportunity the Court afforded Plaintiff to seek leave to further amend was expressly premised on her presentation of "facts." *See id.* at 11. Plaintiff has presented no facts that, if proven, will

demonstrate The Marcus Corporation controlled her employment or directed the alleged discrimination. Sufficient to "raise a material question" is not the standard. Possible claims do not suffice; only plausible ones do.

## II. Nor does a supplemental privilege log provide a factual basis for a claim.

The Court previously remarked that Plaintiff has never "explained why adding still another defendant to this action would be fruitful." *Id*. at 10. This remains true. Marcus has never taken the position that the parent company's absence as a defendant somehow prohibits a source of discovery, and Marcus previously offered to stipulate that the company's absence will not inhibit the enforceability of a prospective judgment. *See* Mot. to Dismiss, ECF No. 18 at 2. The expense that Marcus continues to incur on this issue is unfair, especially where the addition of a third defendant would provide Plaintiff with no material benefit.

In any event, the issue can now be put to bed. Plaintiff concedes that the purported need for additional information does not excuse the obligation to allege facts at the pleadings stage. *See id.* at 15 ("Nor does Plaintiff contend that incomplete discovery excuses the requirement to plead a plausible claim."). Nonetheless, Plaintiff states that without a privilege log containing descriptions of each document, she cannot evaluate whether The Marcus Corporation was her employer. *See, e.g.,* 2d Mot. for Leave at 14. Submitted herewith is a supplemental privilege log. *See* Decl. of Matthew M. Wuest, dated Nov. 25, 2026 ("Wuest Decl."), ¶ 2, Exhibit A. The document descriptions leave no doubt that Plaintiff has no factual basis to state a claim against The Marcus Corporation.

For example, according to Plaintiff, "[o]f particular significance is the repeated involvement of Joshua Welsh . . . The log identifies communications between Welsh and Martha Handrich, Vice President of Human Resources for Marcus Hotels, during the period in which

Handrich was directly communicating with Plaintiff concerning her ADA accommodations and related employment matters." 2d Mot. for Leave at 4. Mr. Welsh is an in-house attorney for The Marcus Corporation. Wuest Decl., Ex A. at p. 24. The fact that an in-house attorney for The Marcus Corporation advised human resources personnel for Marcus Hotels, Inc. regarding an employee of Grand Geneva, LLC—who had threatened litigation—in no way establishes that the parent company is Plaintiff's employer. *See, e.g, id.* at p. 11 ("Communication from Mr. Welsh to Ms. Handrich providing legal advice and comment regarding response to Ms. Okozube's accommodation requests."). As this Court recognized in its prior order, affiliated companies can integrate legal functions without becoming a joint employer. *See* Dismissal Ord. at 7 (citing *Papa v. Katy Indus., Inc.*, 166 F.3d 937, 940-43 (7th Cir. 1999)); *see also id.* at 9 (citing *Bright v. Hill's Pet Nutrition, Inc.*, 510 F.3d 766, 771 (7th Cir. 2007), for appellate reasoning that a parent company may act to ensure its subsidiary's legal compliance without assuming responsibility for the subsidiary's allegedly discriminatory conduct).

Even with the supplemental log, Plaintiff has no facts that demonstrate that The Marcus Corporation was her employer. There are no facts demonstrating that The Marcus Corporation directed the allegedly discriminatory conduct, nor are there facts demonstrating that The Marcus Corporation controlled her employment. Each of the Court's conclusions remain as true today as they were in October. *See, e.g., id.* at 6-7 (referencing the lack of facts showing The Marcus Corporation hired Plaintiff, fired Plaintiff, paid Plaintiff, set Plaintiff's schedule, directed Plaintiff's work, or reviewed the same).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion for Leave to File Second Amended Complaint to Reassert Claims Against The Marcus Corporation.

Dated this 25th day of November, 2026.

By: /s/ Matthew M. Wuest
Matthew M. Wuest
State Bar No. 1079834
Theresa M. Correa McMichen
State Bar No. 1122184
Godfrey & Kahn, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
Email: Mwuest@gklaw.com
tcorreamcmichen@gklaw.com

*Attorneys for Defendants Grand Geneva, LLC and Marcus Hotels, Inc.*